IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUIS A. DAPRANO,

      Plaintiff,

vs.                                                     No. CIV 14-1170 JB/GBW

LEA COUNTY CORRECTIONAL FACILITY,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court under rule 41(b) of the Federal Rules of Civil Procedure, on Plaintiff Louis A. Daprano's Letter, filed March 27, 2014 (Doc. 1)("Complaint Letter"). The Court will dismiss Daprano's claims without prejudice for failure to comply with the Honorable Gregory B. Wormuth, United States Magistrate Judge's, Order to Cure Deficiencies, filed January 6, 2016 (Doc. 4), directing Daprano to cure the deficiencies in his Complaint Letter.

Daprano is proceeding pro se. Daprano sent his first letter -- the Complaint Letter -- to the Court on March 27, 2014. The Clerk of the Court initially docketed the Complaint Letter in his criminal proceeding. See United States v. Daprano, CR 04-2040 JB/KBM (CR Doc. 263). Daprano sent a second letter to the Court, which was also docketed in his criminal case. See Letter, filed October 20, 2015 (CR Doc. 266). On November 17, 2015, the Honorable Karen B. Molzen, United States Magistrate Judge, entered Proposed Findings and Recommended Decision ("PFRD"). See Proposed Findings and Recommended Disposition, filed November 17, 2015 (CR Doc. 267)("PFRD"). Because Daprano's letters contained complaints regarding the conditions of his confinement, the PFRD recommended that the Court open a new civil

proceeding and that the Court give Daprano the opportunity to present his claims under 42 U.S.C. § 1983.  See PFRD at 3.  Daprano did not object, and on December 15, 2015, the Court adopted Judge Molzen's PFRD.  See Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 15, 2015 (CR Doc. 268).

The Court opened this civil case and Judge Wormuth entered the Order to Cure Deficiencies on January 6, 2016.  See Order to Cure Deficiencies at 1.  The Order to Cure Deficiencies directed Daprano to file a complaint in proper form and a motion for leave to proceed *in forma pauperis* within thirty days of the date of the Order.  See Order to Cure Deficiencies at 3.  Judge Wormuth also directed the Clerk to provide Daprano with forms and instructions for a § 1983 complaint, and a motion to proceed without prepayment of fees and costs under 28 U.S.C. § 1915.  See Order to Cure Deficiencies at 3.  The Court mailed a copy of the Order, and the forms and instructions, to Daprano on January 7, 2016.

On February 8, 2016, Judge Wormuth received another letter from Daprano, requesting additional time to respond to the Order to Cure Deficiencies.  See Letter, filed February 8, 2016 (Doc. 5).  Judge Wormuth entered an Order on February 9, 2016, granting Daprano an additional thirty days from the date of entry of the Order to cure the deficiencies identified in the Court's January 6 Order.  See Order Granting Extension of Time to Cure Deficiencies, filed February 9, 2016 (Doc. 6).  Daprano responded with another letter, which Judge Wormuth received on March 1, 2016, stating that he could not comply with Judge Wormuth's Orders because Judge Wormuth had not given him leave to add parties, and because there had been a delay in delivery of the forms, he had not received the required financial statement.  See Letter, filed March 1, 2016 (Doc. 7).  On March 7, 2016, Judge Wormuth entered a Second Order Granting Extension

of Time to Cure Deficiencies.  See Second Order Granting Extension of Time to Cure Deficiencies, filed March 7, 2016 (Doc. 8)("Second Order").  The Second Order advised Daprano that he did not need leave of the Court to add parties and, because he was now in possession of the financial statement, he should now be able to submit the required documents.  See Second Order at 1-2.  Judge Wormuth therefore granted him a final extension of time to April 1, 2016, to cure the deficiencies as Judge Wormuth directed in his January 6 Order.  See Second Order at 2.

Judge Wormuth's final deadline for Daprano to cure the deficiencies has now passed, and Daprano has not filed a complaint in proper form or a motion to proceed as Judge Wormuth's Order to Cure Deficiencies required.  After Judge Wormuth's deadline passed, Daprano sent the Court a letter.  See Letter at 1, filed April 4, 2016 (Doc. 9)("April 4 Letter").  He asserts that he did not receive the necessary forms and requests more time to cure the deficiencies in his Complaint.  See April 4 Letter at 1.  He asks the Court to dismiss the case without prejudice if it will not grant him more time.  See April 4 Letter at 1.  Because the Court has sent Daprano the necessary forms and he nonetheless failed to cure the deficiencies before Judge Wormuth's deadline, the Court will dismiss the case without prejudice as Daprano requests.  The Court may dismiss an action under rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, failure to comply with the rules of civil procedure, or failure to comply with court orders.  See Olsen v. Mapes, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003)(noting that a district court may dismiss, *sua sponte*, when one of the rule 41(b) conditions is met).  Pursuant to rule 41(b), the Court will dismiss the Complaint Letter based on Daprano's failure to comply with Judge Wormuth's Order to Cure Deficiencies.

**IT IS ORDERED** that all claims and causes of action of Louis A. Daprano in this civil

proceeding, see Letter, filed March 27, 2014 (Doc. 1), are dismissed without prejudice for failure to comply with Judge Wormuth's Order to Cure Deficiencies.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Louis A. Daprano
Southern New Mexico Correctional Facility
Las Cruces, New Mexico

  *Plaintiff pro se*